**Eddie DORSEY, Jr., Appellant,**

v.

**Elmer MASCHMANN et al., Appellees.**

**No. 77–1166.**

United States Court of Appeals, Eighth Circuit.

. Submitted Sept. 2, 1977.

Decided Sept. 20, 1977.

Charlene R. Bohl, Post-Conviction Defense Project, Madison, Wisc., on brief, for appellant.

John D. Ashcroft, Atty. Gen., and Paul R. Otto, Asst. Atty. Gen., Jefferson City, Mo., on brief, for appellees.

Before GIBSON, Chief Judge, HEANEY, Circuit Judge, and ALSOP, District Judge.*

PER CURIAM.

Petitioner Dorsey appeals from the District Court's [1] denial of habeas corpus relief.

---

* The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

He is now incarcerated in the Wisconsin State Prison at Waupun, Wisconsin, as a result of two felony convictions, but is challenging "constructive custody" allegedly imposed by the respondent Missouri officials by way of a capias warrant for parole violation.

On April 3, 1970, Dorsey was convicted of burglary in Franklin County, Missouri, and was placed on probation for five years. While on probation, on November 21, 1974, he was convicted of two counts of armed robbery in Wisconsin and began serving the sentence imposed there.

■ Respondent Joseph Tate, Judge of the Circuit Court of Franklin County, Missouri, issued a capias warrant for probation violation on March 17, 1975. This warrant, which tolled the running of the probation term, was allegedly served on Dorsey on May 9, 1975. He argues that the failure of the warrant to state "what the State of Missouri feels Mr. Dorsey did to violate the conditions of his probation" violates his right to due process under the Fourteenth Amendment.[2] Dorsey makes this claim by alleging that he is thereby deprived of information needed to make an intelligent decision whether to demand an immediate hearing.

■ The District Court dismissed this habeas corpus proceeding and held that Dorsey had failed to exhaust state remedies. We have examined the record and the briefs of the parties and find it evident that the District Court applied correct principles of law.[3] This case appears to be a hypertechnical attempt to secure a statement of the alleged violation which was obvious from the Wisconsin conviction. If Dorsey, in fact, has any doubt which probation rule he is alleged to have violated, he can resolve this doubt by a letter to the Missouri probation officer assigned to his case or by a motion filed in the Franklin County Circuit Court. In any event, the Franklin County respondents in this action state, "[t]he cause for revocation is violation of condition 14 of the conditions of probation, by being convicted of two new offenses while on probation."

This appellant assists neither his cause nor the administration of justice by this specious complaint, which appears to be an attempt to play games with the court.

The judgment of the District Court is affirmed.

---

**2.** Revocation of probation or parole is not part of a criminal prosecution and thus the full panoply of rights in such a proceeding does not apply. *Gagnon v. Scarpelli*, 411 U.S. 778, 789, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 480, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

**3.** *See also Moody v. Daggett*, 429 U.S. 78, 87, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976). *Moody* involved a federal parolee imprisoned for federal crimes committed while on parole. He sought habeas corpus relief from a parole detainer issued but not served on him. The Court affirmed a denial of relief and noted that the *prospect of future incarceration did not have any present or inevitable effect on the liberty interests protected by Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).